IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    **Plaintiff,**

    v.                                                                                                    CR. No. 18-2216 JCH

OMIL COTTO,

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Omil Cotto's pro se *Motion to Reduce Sentence in Accordance with 2024 Amendments to the United States Sentencing Guidelines* (ECF No. 133). Defendant seeks to reduce his sentence by 60 months to a total term of 120 months imprisonment "pursuant to 18 U.S.C. § 3582(c)(2) and the 2024 Amendments to the United States Sentencing Guidelines (USSG) Manual." (Def.'s Mot. 1, 13, ECF No. 133.) The Federal Public Defender, after reviewing the motion for eligibility under Guidelines Amendment 821 (pursuant to Administrative Order No. 23-MC-00004-22), declined to file a motion on Defendant's behalf. (*See* Notice, ECF No. 136.) The United States filed a response in opposition to the motion. (Gov.'s Resp., ECF No. 137.) According to the United States, the guidelines provisions upon which Defendant relies "were either not amended in 2024 or were amended in non-substantive ways and those Amendments are not retroactive." (*Id.* at 1.) The United States additionally asserts that Defendant is not entitled to relief under Amendment 821. (*Id.*) Defendant did not file a reply and the time for doing so has passed. For the reasons stated herein, the Court will deny the motion.

I.   **BACKGROUND**

Defendant pled guilty pursuant to Rule 11(a)(2) and 11(c)(1)(C) to possession with intent to distribute 50 grams and more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) (Count 1) and to using and carrying a firearm during and in relation to a drug trafficking crime and possessing a firearm in furtherance of such crime in violation of 18 U.S.C. § 924(c) (Count 2). (Plea Agreement 1-2, ECF No. 84.) At the time he entered the plea, Defendant stated that he understood that the minimum term of imprisonment for Count 1 was not less than 10 years and that the minimum term of imprisonment for Count 2 was not less than five years, the term of "which shall run consecutively to any other term of imprisonment imposed on the Defendant." (*Id.* at 2-3.) The Plea Agreement set forth the parties' agreement to a specific sentence of 180 months imprisonment. (*Id.* at 6.) The Agreement noted that it was taking into account his acceptance of responsibility with no further reduction to occur. (*Id.* at 6-7.)

According to the Presentence Report ("PSR"), Defendant's base offense level for Count 1 was 34 under USSG § 2D1.1(a)(5), and the base offense level for Count 2 was the minimum term of imprisonment set forth by statute, or 5 years. (PSR 6, ECF No. 90.) The PSR suggested a total 3-level reduction for acceptance of responsibility under USSG §§ 3E1.1(a) and 3E1.1(b), resulting in a total offense level of 31. (*Id.* at 7.) The PSR calculated his criminal history category as IV based on a criminal history score of 8. (*Id.* at 10.) He received no criminal history points under § 4A1.1(e). (*See id.*) The PSR reported a guideline imprisonment range for Count 1 as 151 to 188 months, with Count 2 requiring the imposition of the minimum term of imprisonment to run consecutive to the other count. (*Id.* at 16.)

Based on acceptance of the Rule 11(c)(1)(C) Plea Agreement, the Court sentenced Defendant to a total term of imprisonment of 180 months: 120 months for Count 1, and 60 months

for Count 2, to run consecutively. (*See* Judgment 3, ECF No. 97; Hr'g Tr. 3:14-19, 6:1-3, ECF No. 112.)

**II.     ANALYSIS**

A district court does not have inherent authority to modify a previously imposed sentence except in a few very limited circumstances. *United States v. Mannie*, 971 F.3d 1145, 1148 (10th Cir. 2020); *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). Defendant brings his motion "pursuant to 18 U.S.C. § 3582(c)(2) and the 2024 Amendments" to the USSG. (Def.'s Mot. 1, ECF No. 133.) Under 18 U.S.C. § 3582(c)(2), a sentence may be reduced "'in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)' and made retroactive pursuant to § 994(u)." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (quoting 18 U.S.C. § 3582(c)(2)). Courts follow a two-step inquiry. *United States v. Green*, 886 F.3d 1300, 1306 (10th Cir. 2018) (citing *Dillon*, 560 U.S. at 826-27). First, a court determines if a defendant is eligible for a sentence reduction, consistent with applicable policy statements issued by the Sentencing Commission in § 1B1.10. *See Dillon*, 560 U.S. at 824-26; *Green*, 886 F.3d at 1306. Second, a court considers whether the reduction is warranted under the factors set forth in § 3553(a) to the extent they are applicable. *See Dillon*, 560 U.S. at 824-26; *Green*, 886 F.3d at 1306-07.

After reviewing the motion, the response, and the record, the Court concludes that Defendant's sentence should not be reduced under 18 U.S.C. § 3582(c)(2). The Court sentenced Defendant to 180 months, the minimum statutory sentence allowed for his convictions on Counts 1 and 2. *See* 21 U.S.C. § 841(b)(1)(A)(viii) ("In the case of a violation of subsection (a) of this section involving … 50 grams or more of methamphetamine … such person shall be sentenced to

a term of imprisonment which may not be less than 10 years or more than life…."); 18 U.S.C. § 924(c)(1)(A)(i) ("any person who, during and in relation to any … drug trafficking crime ... for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such … drug trafficking crime … be sentenced to a term of imprisonment of not less than 5 years…."). Because the Court based Mr. Cotto's sentence on the statutory mandatory minimums, rather than on the guideline ranges, Mr. Cotto is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2). *Cf. Koons v. United States*, 584 U.S. 700, 704 (2018) (holding that petitioners did not qualify for sentence reductions under § 3582(c)(2) because their sentences were based on the statutory mandatory minimums, rather than on the lowered guidelines ranges).

Moreover, Defendant's arguments that his sentence should be reduced based on the 2024 Amendments (more specifically, amendments made to USSG § 2K2.4, § 3E1.1, and § 5H1.1) are without merit. The 2024 Amendments did not retroactively lower his sentencing range. *Compare* U.S.S.G. § 1B1.10(a) ("In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered *as a result of an amendment to the Guidelines Manual listed in subsection (d) below*, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2).") (italics added); U.S.S.G. § 1B1.10(d) (listing covered retroactive amendments; amendments 820, 828, 829, and 831 are not included), *with* U.S.S.G. § 2K2.4, Historical Note (amended Nov. 1, 2024, by amendments 828 and 831); U.S.S.G. § 3E1.1(a), Historical Note (amended Nov. 1, 2023, by amendment 820); U.S.S.G. § 5H1.1, Historical Note (amended Nov. 1, 2024, by amendment 829). *Cf. United States v. White*, CRIMINAL ACTION NO. 10-420-3, 2025 WL 343689 (E.D. Penn. Jan. 30, 2025) (discussing how Amendments 820, 828, and 829 do not apply retroactively and

cannot be relied upon to establish an extraordinary and compelling reason to justify compassionate release).

Amendment 821, parts A and B (subpart 1 only), is a retroactive amendment included in § 1B1.10(d). *See* U.S.S.G. § 1B1.10(d). *See also* 88 Fed. Reg. 28254-01 at 28254. Defendant makes references to Amendment 821. (*See* Def.'s Mot. 7-8, 15, 20, ECF No. 133.) To the extent Defendant seeks a reduction under Amendment 821, he is not eligible.

Prior to November 1, 2023, the Guidelines assessed two criminal history points, known as "status points," for an offense committed "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." USSG § 4A1.1(d) (pre-amendment). In Part A of Amendment 821, the Commission altered the "status points" provision such that a person who has seven or more criminal history points now receives only one additional "status point," instead of two. *See* USSG § 4A1.1(e); 88 Fed. Reg. 28254-01 at 28270-73. For a defendant with six or fewer criminal history points, the Court may reduce the status points to zero. *United States v. Ortiz*, No. CR 14-1967 RB, 2024 WL 4119500, at *2 (D.N.M. Sept. 9, 2024) (citing § 4A1.1(e)). Part A does not apply because Defendant did not receive status points under § 4A1.1. Under Part B of Amendment 821, § 4C1.1(a) now provides a two-offense-level reduction under certain circumstances for offenders who present with zero criminal history points. USSG § 4C1.1(a). One of the necessary criteria for the reduction to apply is that the defendant "did not possess … a firearm … in connection with the offense." USSG § 4C1.1(a)(7). Part B does not apply because Defendant was assessed a criminal history score of 8, (PSR 10, ECF No. 90), so he is not a zero-point offender. Additionally, he pled guilty to Count 2, which

5

established that he possessed a firearm in connection with the offense. Mr. Cotto is therefore not eligible for a sentence reduction under either Part A or Part B of Amendment 821.[1]

**IT IS THEREFORE ORDERED** that Defendant Omil Cotto's *Motion to Reduce Sentence in Accordance with 2024 Amendments to the United States Sentencing Guidelines* (**ECF No. 133**) is **DENIED**.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**

---

[1] Because Defendant is ineligible for a sentence reduction under the first step of the inquiry, the Court need not consider the § 3553(a) factors.